THE PEOPLE, PLAINTIFF AND RESPONDENT, *v.* CAMACHO, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Humacao in a prosecution for violation of the Internal Revenue Law.

No. 668.—Decided May 1, 1914.

LOCUS DELICTI—JURISDICTION.—After an examination of the evidence introduced in this case, it was held that it had been proven that the offense charged was committed by the accused within the jurisdiction of the lower court.

INTERNAL REVENUE LAW—ILLICIT CIGAR FACTORY—EVIDENCE.—In order that a cigarmaker who works in an illicit cigar factory may be convicted of a violation of the Internal Revenue Law, in that the owner of the factory had no license as required by law, it must be shown that he knew that the said owner had not complied with said requirement.

The facts are stated in the opinion.

*Mr. Charles E. Foote, fiscal,* for The People.

*Mr. Francisco González* for the appellant.

Mr. Chief Justice Hernández delivered the opinion of the court. .

This is an appeal taken by Julio Camacho from a judgment rendered on appeal, after a trial *de novo,* by the District Court of Humacao on April 5, 1913, finding the accused guilty of violating the Internal Revenue Law and sentencing him to pay a fine of $50 or undergo one day's imprisonment for each dollar not paid, and to pay the costs.

The accused is charged in the complaint with having violated section 49 of the Internal Revenue Act of March, 1911, in that ''On one of the days of the month of January, 1913, in Collores ward of Las Piedras, municipality of Humacao of the Municipal Judicial District of Humacao which forms a part of the Judicial District of Humacao, P. R., the said accused, Julio Camacho, knowingly and wilfully aided and abetted one Fernando López in violating the provisions of the Internal Revenue Law of Porto Rico by making cigars in an illicit factory in the house of the said López, with absolute knowledge that López had no license and had not given bond as such manufacturer of cigars.''

Although it does not appear from the judgment transcribed in the record what violation of the Internal Revenue Law the accused was found guilty of, it is shown in the statement of the case approved by the court that the accused was convicted of the offense of violating sections 9, 17, 18, and 49 of the Internal Revenue Law.

The appellant alleges as grounds for his appeal that the court erred (1) in finding the accused guilty of the offense charged when it had no jurisdiction; (2) in convicting him when the essential allegations of the complaint had not been proved; (3) in finding that the accused had violated sections 9 and 17 of the Internal Revenue Law.

The first ground of error is clearly without merit, as the Humacao court had jurisdiction of the case, it being one

of an offense which, according to the wording of the complaint, had been committed in the ward of Collores of Las Piedras, municipality of Humacao of the municipal judicial district of Humacao, P. R., which forms a part of the judicial district of Humacao, P. R., but as the appellant alleges, that it was not shown at the trial that the house of Fernando López, where the offense was supposed to have been committed, is within the municipality of Humacao, we consider that the first error assigned is included in the second and will proceed to consider them together.

We have examined carefully the statement of the case and find that it was sufficiently established that the house in which López had an illicit cigar factory is situated within the municipal district of Humacao, for this may be deduced from the testimony of Paul Ruell, internal revenue agent, and Pedro López Cedeño, Insular policeman, the former testifying that he seized 595 cigars without revenue stamps in the house of Fernando López in the ward of Collores, and the latter, Cedeño, that he accompanied Ruell and the collector of internal revenue to the town of Las Piedras for the purpose of raiding a clandestine cigar factory in the ward of Collores and seized 546 cigars, a quantity of leaf tobacco and a cigar-maker's knife in the house of Fernando López. The *locus delicti,* namely, the house of Fernando López, ward of Collores, town of Las Piedras, municipality of Humacao, is therefore established.

What has not been proved is that the accused made cigars in the illicit factory of Fernando López with full knowledge that López had no license. The only evidence tending to prove such knowledge is the testimony of witness Paul Ruell to the effect that in December, 1912, he was in the vicinity of the house of Fernando López and saw two or three men running out of it, one of whom was Julio Camacho. This evidence alone is not convincing of the guilt of Camacho beyond a reasonable doubt.

All the integral elements of the offense with which Julio

Camacho is charged not having been proved, it becomes unnecessary to consider the third assignment of error.

The case at bar is very similar to that of *The People* v. *Francisco Díaz,* decided to-day, in which we reversed the judgment rendered by the District Court of Humacao.

The judgment rendered by the same court in the case at bar should be reversed also.

*Reversed.*

Justices Wolf, del Toro and Aldrey concurred.